## THE GRAND LODGE A. O. U. W. OF ILLINOIS

*v.*

## MARGARET BAGLEY.

*Filed at Ottawa November 23, 1896.*

1. PLEADING—*when interest may be allowed though not claimed in declaration.* Upon recovering the amount of a beneficiary's certificate in an action of debt against a benefit society, the plaintiff may be allowed interest rightfully due thereon, as damages, though the declaration contains no interest count.

2. SAME—*failure of ad damnum to cover debt and interest—amendment.* Though the *ad damnum* in a declaration in debt does not cover the amount of debt and interest for which the plaintiff recovers judgment, yet such irregularity is one of form and may be amended at trial, and if not objected to at the trial cannot be taken advantage of on appeal.

3. BENEFIT SOCIETIES—*forfeiture of certificate—by-laws strictly construed.* Upon a claim by a benefit society that there has been a forfeiture of a member's certificate for non-payment of assessments, its constitution and by-laws providing for such assessment must be strictly construed.

4. SAME—*when by-laws providing for assessment are not complied with.* A provision in the constitution and by-laws of a benefit society that upon receiving certain notice "each subordinate lodge shall then make an assessment," is not complied with when the subordinate lodge merely reads such notice aloud, makes a minute upon its books that a certain assessment was "called for," and takes no further action thereon.

5. SAME—*member's certificate not forfeited for non-payment of illegal assessments.* A beneficiary's certificate is not forfeited by reason of the member not having paid certain assessments, where such assessments are not made in accordance with the by-laws.

*Grand Lodge A. O. U. W.* v. *Bagley,* 60 Ill. App. 589, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. NATHANIEL C. SEARS, Judge, presiding.

JOHN P. AHRENS, for appellant.

F. W. BECKER, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an action of debt by appellee, against appellant, upon a beneficiary certificate issued by appellant to John H. Bagley, the son of appellee, for her benefit. The defense is, that the certificate became forfeited prior to the death of the holder, by his failure to comply with its condition in making payment of two assessments for the beneficiary fund of the order. On the first trial in the Superior Court of Cook county the judgment was for the defendant, which was affirmed in the Appellate Court for the First District but reversed in this court and the cause remanded to the Superior Court. (131 Ill. 498.) On the second trial the defendant again recovered judgment for costs, which the Appellate Court reversed, remanding the cause. (46 Ill. App. 411.) The third trial was by the court, a jury being waived, which resulted in a judgment for the plaintiff for $2000 debt and $1217 damages. The Appellate Court has affirmed that judgment, and hence this appeal.

It is first insisted that the Superior Court erred in allowing the $1217 damages, which was for interest on the said certificate, because the declaration contained no count for interest, and because the debt and damages recovered exceed the *ad damnum*, which is only $3000. If plaintiff had a right of action on the certificate at all, she was entitled to recover the amount named therein, $2000, with six per cent interest from the date of the notice of the death of the holder to the date of her judgment. (*Supreme Lodge A. O. U. W.* v. *Zuhlke*, 129 Ill. 298.) Under the declaration it would have been error to enter judgment for the aggregate amount of the principal and interest, but it was perfectly proper to give judgment for the amount named in the certificate as the debt and for the amount of interest due thereon as damages. It was expressly so held in *March* v. *Wright*, 14 Ill. 248. Even if the judgment had been for an aggregate amount, the

error could have been corrected in the Appellate Court, or here, by entering just such a judgment as was entered by the Superior Court. *Williams* v. *Bank of Illinois,* 1 Gilm. 667; *Bowman* v. *Bartley,* 21 Ill. 30.

If it be admitted the damages laid in the declaration should have been large enough to cover both the debt and damages allowed, advantage could only have been taken of such an irregularity by urging it at the time of entering judgment, and thus giving the plaintiff an opportunity to amend. Such an amendment would have been one of form, rather than substance. (*Tomlinson* v. *Earnshaw,* 112 Ill. 311.) The statute of amendments was intended to cover all such cases. As said in *Bowden* v. *Bowden,* 75 Ill. 111: "If a party will be silent on the occurrence of such a mistake,—one that would be corrected on the instant should the attention of the court be called to it,—one that in nowise affects the merits of the controversy,—he ought to be foreclosed of his right to assign it for error on an appeal to this court."

This brings us to the consideration of the case upon its merits. The assessments which defendant insisted the certificate holder failed to pay are numbers 102 and 103. Plaintiff did not claim that they were paid during his lifetime, but she did contend that by payments thereof after his death, and the subsequent action of the subordinate lodge to which he belonged, any right which the defendant would otherwise have had to declare a forfeiture was waived. Her principal contention, however, is, that no forfeiture of the certificate resulted from the failure to pay these assessments, because they were never legally made.

The proceedings prescribed by the constitution and by-laws of the order for assessments are, in substance, as follows: Upon the death of a member it is the duty of the subordinate lodge to which he belonged, to notify the grand recorder, and he must, on the first day of the following month, notify each subordinate lodge in his juris-

diction. "Each subordinate lodge shall then make an assessment of one dollar upon each member holding a certificate," etc.   When the assessment has been made, the financier, not later than the 8th of the month, shall notify each member of the assessment and not later than the 28th of the same month the assessment must be made, the penalty for a failure to do so being a forfeiture of all rights of the member under his certificate.   In the present case all that was done in the subordinate lodge was the reading of the notice from the grand recorder to make the assessment, and entering it upon the lodge record, (the "minute book,") with the statement:   "Assessments No. 102 and 103, on death 458 and 466, was called March 1." No action whatever was taken by the lodge, by vote or otherwise, by way of making the assessment.   The question therefore is, was the language of the constitution, "each subordinate lodge shall then make an assessment," complied with?   It seems too clear for argument that it was not.   All that was done, as appears from the record of the proceedings of the subordinate lodge, was the action of the recorder, and not of the lodge.   It is not, as we understand, claimed that the language of the constitution and by-laws was complied with, but it is insisted that the intent and meaning of the language were complied with, because, it is said, no discretion as to whether the assessment should or should not be made is vested in the subordinate lodge, and that its voting upon the question would therefore amount to nothing.   The question here is one of forfeiture, and no liberal construction or intendment will be indulged in favor thereof.

We have carefully considered the argument of counsel in support of their contention against the view of the Appellate Court, and are of the opinion that the decision of that court is a correct one.   In that view, the propositions of law submitted to the trial court as to the validity of these assessments were properly refused, and those relating to the question of waiver or ratification of

the payment after the death of John Bagley become unimportant.

Concurring, as we do, in the views of the Appellate Court as expressed in its opinion, its judgment will be affirmed.

*Judgment affirmed.*