## Susan A. Sebree, Appellee, v. Henry Moran et al., Appellants.

1. APPEALS AND ERRORS—*what objections cannot be urged.* Objections that a judgment is in excess of the *ad damnum* and that its form is in damages rather than in debt cannot be first interposed on appeal.

2. REMITTITUR—*when cures error.* An error in rendering judgment in excess of the *ad damnum* is cured by *remittitur.*

3. VERDICTS—*when not disturbed.* A verdict not manifestly against the weight of the evidence will not be set aside on review in the absence of errors of law.

Action in debt. Appeal from the Circuit Court of Fulton county; the Hon. G. W. THOMPSON, Judge, presiding. Heard in this court at the May term, 1910. Affirmed. Opinion filed Oct. 18, 1910.

CHIPERFIELD & CHIPERFIELD, for appellants.

JESSE HEYLIN and O. J. BOYER, for appellee.

PER CURIAM. This is an action by appellee against appellants, on a promissory note dated January 9, 1899, for $567.79, due on demand, with seven per cent interest. A jury was waived, and trial had by the court without a jury. The court found the issues for the plaintiff and assessed her damages at $1,004.38, and entered judgment upon such finding. The declaration consists of a special count in debt and the common counts, the *ad dammum* being laid at $1,000. Appellants filed a plea of general issue, a verified plea denying the execution of the note, and a plea of the statute of limitations. No propositions of law were submitted to the court. No error is assigned upon the rulings of the court as to the admissibility of evidence.

It is first urged that the court erred in entering judgment against appellants for the amount in excess of the *ad damnum* specified in the praecipe, summons and declaration, and. further that the judgment of the court is erroneous, and that it is in damages, whereas the action is in debt, and it is not in due form of law. The objections in question cannot be raised for the first time in this court. Had they been interposed at the time of the entering of the judgment,

an opportunity would have been given the plaintiff to amend, and the trial judge to have entered a formal judgment. Grand Lodge v. Bagley, 164 Ill. 340. Furthermore, appellee has entered a *remittitur* in this court for the excess. The only other point relied upon for the reversal of the judgment was that the finding and judgment are contrary to the evidence, appellants denying that the signatures to the note in suit are genuine or that they were placed thereon by their authority.

The evidence discloses the following undisputed facts: On January 9, 1899, appellants were indebted to appellee for money expended in their behalf, to the extent of the amount named in the note sued upon. One Dean, president of the First National Bank of Canton, drafted the note in question, and advised appellee to have appellants execute the same. Upon the trial appellee testified that she saw appellants sign their names on the note, at her home on South Main street in the city of Canton, but was unable to state exactly how long the note was drawn before they signed it; that no one was present except appellants and herself; that it might have been signed two or three days after the note was delivered to her by Mr. Dean, or it might have been as long as two or three weeks; that the note was signed shortly after it was received by her from Mr. Dean, and that she then placed it in the bank, where it remained until suit was brought, during which time she did not see it again; that during the winter of 1899 she lived in Chicago with her daughter, but was in Canton at the time the note was delivered to her by Mr. Dean; that she was unable to say how long she was in Canton that winter; that during the time she was in Chicago, her building on South Main street was rented.

·Marcus Moran testified that appellant Henry Moran said to him at the time this suit was brought, that he would pay the note, but would see that his mother (meaning appellee Rosette Moran) would not get to handle the money; that he did not deny making the note in question; that Henry afterwards said he al-

luded to the White note, which the evidence shows was ten years previously converted into a judgment, and paid by appellee. He further testified that while he had not seen the signatures of appellants for a good many years, the signatures upon the note sued upon had the appearance of and similarity to the signatures of his brother and sister-in-law. W. D. Plattenburg, cashier of the First National Bank of Canton, testified that appellants had done business in that bank for twenty years; that he had seen them write and was acquainted with their handwriting sufficiently to know it when he saw it; that the signatures to the note sued upon were, in his opinion, the signatures of the appellants, and that he could no more be mistaken in such opinion than he could be mistaken in his own handwriting. E. A. Heald, cashier of the Canton National Bank for twenty-three years, testified that he knew appellants and had seen them write; that, while he was not familiar with their handwriting, he had frequently seen their names on checks passed through his bank, and that he could recognize their signatures; that, in his opinion, the signatures to the note sued upon were the signatures of the appellants. George Wilson, cashier of the First National Bank of Canton, also county treasurer of Fulton county, testified that appellants had done business in his bank; that he had seen them write their names; that he had recognized their signatures on checks every day or two; that, in his opinion, the note sued upon contained the signatures of the appellants. J. G. Harmison testified that he was a teacher of penmanship and bookkeeping, and had had twenty-five years' experience as such; that he had made a study of penmanship relative to spurious and genuine penmanship, and that he had examined the signatures on the note sued upon, and that, in his opinion, the signatures were genuine.

Appellants each specifically deny signing the note, or ever authorizing any one to sign it for them, and deny that they ever had any knowledge of the existence of such note until suit was brought thereon. They testified that from about October 1, 1898, until March 10 to

17, 1899, appellant Henry Moran was in the state of Kansas, and that during said time appellant Rosette Moran resided in Canton; that she was in delicate health during the winter of 1898 and 1899; that she gave birth to a child on March 22, 1899, and that her husband did not return to Illinois until about one week before the birth of her child. Three other witnesses testify that Henry Moran was absent in Kansas from October, 1898, to the middle of March, 1899.

Counsel for appellants insist that the finding of the court was clearly and manifestly against the evidence, and that it is therefore our duty to reverse the judgment rendered thereon. If the testimony of appellee was true, the verdict was right. The trial judge doubtless credited the same and disbelieved that of appellants, and we cannot say that he was not warranted in so doing. The fact that appellee may have been because of the lapse of time, mistaken as to the date the note was signed, a matter not necessarily material, we do not regard as affecting her credibility upon the all-important question of the signing of the notes by appellants. It is obvious that the note was not prepared by Dean, a disinterested party, with a view to having the signatures of appellants forged thereto. The trial judge was doubtless loath to believe that appellee, or any one for her, wilfully and deliberately committed a felony for no other motive than the collection of a debt for which the record shows appellants were morally liable. He, like a jury, was the sole judge of the credibility of the respective witnesses and the weight to be given to their testimony. His finding upon the controverted questions of fact is entitled to the same weight as the verdict of a jury. Podolski v. Stone, 186 Ill. 540.

In view of the fact that the evidence was close and conflicting, the questions of fact were peculiarly for the determination of the trial judge. We do not feel warranted in holding that his finding was so manifestly

against the evidence as to necessitate a reversal of the judgment, and it is accordingly affirmed.

*Affirmed.*