PATRONS' MUTUAL FIRE INSURANCE CO. OF MICHIGAN
*v.* HELLI.

1. INTEREST — MAY BE RECOVERED ALTHOUGH NOT CLAIMED IN DECLARATION.
    Interest may be recovered, although it is not claimed or demanded in the declaration.[1]

2. USURY—FIRE INSURANCE POLICY—PROVISION FOR ADDING CERTAIN PERCENTAGE IF NOT PAID WHEN DUE NOT USURIOUS.
    A policy of a mutual fire insurance company providing that if assessments are not paid when due, ten per cent. shall be added the first month, and an additional five per cent. for each month thereafter until paid, is not usurious.[2]

Error to Gogebic; Driscoll (George O.), J.    Sub-

[1]Damages, 17 C. J. § 317; [2]Usury, 39 Cyc. p. 925.

mitted April 15, 1925.   (Docket No. 85.)   Decided October 1, 1925.

Assumpsit in justice's court by the Patrons' Mutual Fire Insurance Company of Michigan against John G. Helli and another for the amount of an assessment. There was judgment for defendants, and plaintiff appealed to the circuit court.   Judgment for defendants.   Plaintiff brings error.   Reversed.

*Kinnane & Leibrand,* for appellant.

*Waples & Waples,* for appellees.

CLARK, J.   Plaintiff is a mutual fire insurance company.   Defendant John G. Helli was a policy holder, his application stating:

"I accept this insurance subject to the articles of association and the rules and regulations and by-laws of said company now in force or that may hereafter be in force."

A by-law provided:

"The annual assessment of this company shall be due and payable on the first day of October, in each year.   To all assessments not paid during the month of October, there shall be added ten per cent. for the month of November, and an additional five per cent. for each month thereafter until paid."

Defendant owed $14.40.   He did not pay during October.   His policy was canceled.   Plaintiff sued in justice's court claiming the amount of the assessment and the monthly additions provided by the by-law.   Defendant had judgment.   Plaintiff appealed. Defendant prevailed in the circuit court.   Plaintiff's application for writ of error (Act No. 155, Pub. Acts 1923) was granted, it being thought that the question was on the validity of the quoted by-law.   But that

question is not presented. In the justice's court, plaintiff's bill of particulars claimed the amount of the assessment and the monthly additions provided by the by-law. No claim was made in that court for legal interest. 2 Comp. Laws 1915, § 5997. Defendant tendered into court the amount of the assessment and all legal costs.

Toward the close of the trial in the circuit court, plaintiff abandoned its claimed right to recover the said additions under the by-law and sought to add to the amount of its demand interest at the legal rate. Interest may be recovered although it is not claimed or demanded in the declaration. 33 C. J. p. 257.

The contract was not usurious. *State Mutual Rodded Fire Ins. Co.* v. *Randall*, *ante*, 210, and authorities there cited. Defendant ought to have tendered in damages what he, on his own theory at least, rightfully owed, $14.40, and interest at 5 per cent. per annum from the due date, and plaintiff was entitled to judgment for that amount.

Judgment reversed, with costs to plaintiff. New trial granted.

McDonald, C. J., and Bird, Sharpe, Moore, Steere, Fellows, and Wiest, JJ., concurred.