## MIDLAND LAND & IMPROVEMENT COMPANY *v.* UNITED STATES.

### APPEAL FROM THE COURT OF CLAIMS.

No. 105.  Argued January 8, 1926.—Decided March 1, 1926.

Where a contractor, though not in default, abandons the work and refuses to complete the contract, the Government may re-let the unfinished work to another and apply retained percentages towards recoupment of additional expenses so incurred.

58 Ct. Cls. 671, affirmed.

APPEAL from a judgment of the Court of Claims in favor of the United States in a suit to recover the amount of moneys retained by the Government from payments made to the claimant on account of work done under a contract which the claimant afterwards abandoned.

*Mr. Clarence C. Calhoun,* for appellant.

*Mr. Assistant Attorney General Galloway,* with whom *Solicitor General Mitchell* was on the brief, for the United States.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

On August 12, 1907, the Midland Land & Improvement Company agreed with the United States to dredge and dispose of 4,177,110 cubic yards of material in Newark Bay and Passaic River at 16¼ cents per yard, payable as the work progressed. The contract provided that the work should be prosecuted with " faithfulness and energy " and that the rate of work " will be at least 50,000 cubic yards per month." On September 24, 1912, the company stopped work, leaving much unperformed. In 1913, the Government declared the contract " annulled," and had the uncompleted part of the work done by another contractor, who was paid 26 7/10 cents per yard. See *United States* v. *O'Brien,* 220 U. S. 321, 328. The additional cost to the Government was $141,127.31. The Midland contract provided that the Government would reserve from each payment ten per cent. until half the work was completed, and that the amount reserved might be applied toward reimbursing it for any additional cost resulting from the contractor's default. The sum of $33,998.15, which had been reserved, was so applied. In 1917, the company brought this suit in the Court of Claims to recover the amount. Upon elaborate findings

of fact that court entered judgment for the United States. 58 Ct. Cls. 671. The case-is here on appeal, taken May 15, 1924, under § 242 of the Judicial Code.

It is contended that at the time when the Government annulled the contract the amount of work done had exceeded the aggregate of the monthly requirements, and, hence, that the company was not in default. This question we have no occasion to consider. The correspondence between the parties and other facts found warranted the conclusion that the company had abandoned the work and refused to complete the contract. There was thus an anticipatory breach by the company which entitled the Government to relet the uncompleted part of the work. Compare *Smoot's Case*, 15 Wall. 36, 48; *Dingley* v. *Oler*, 117 U. S. 490, 503. It is also contended that the judgment is erroneous, because it was incumbent upon the Government to show that the uncompleted work done under the later contract did not materially depart from that described in the repudiated contract and that this was not shown. See *United States* v. *Axman*, 234 U. S. 36. The lower court concluded that the uncompleted part of the work was relet on the same specifications. Enough appears to show that the loss to the Government resulting from the plaintiff's repudiation of the contract far exceeded the amount reserved.

*Affirmed.*