HOLLINGSWORTH *v.* LIBERTY LIFE INSURANCE CO. OF ILLINOIS.

1. INSURANCE—LIFE INSURANCE—INSURER ESTOPPED FROM DENYING PAYMENT OF PREMIUM RECITED IN POLICY UNCONDITIONALLY DELIVERED.

Where a life insurance policy is delivered unconditionally; an acknowledgment in the policy of the receipt of the premium estops the insurer, in the absence of fraud, from

[1]Insurance, 32 C. J. § 335; Life Insurance, 37 C. J. § 83.

contesting the validity of the policy on the ground of nonpayment of the premium.

2. DAMAGES—INTEREST RECOVERABLE ALTHOUGH NOT DECLARED ON. Interest may be recovered although it is not claimed or demanded in the declaration, even though it bring the judgment above the *ad damnum* clause.

Error to Wayne; Brennan (Vincent M.), J. Submitted January 5, 1928. (Docket No. 75.) Decided February 14, 1928.

Assumpsit by Edna Hollingsworth against the Liberty Life Insurance Company of Illinois on a policy of insurance. Judgment for plaintiff. Defendant brings error. Affirmed.

*Roxborough, Taliaferro, Butler & Jones*, for appellant.

*Sol A. Dann*, for appellee.

WIEST, J. This action was brought on a life insurance policy by the beneficiary. The issue tried in the circuit was whether the premium had been paid for one year or only for three months. Plaintiff had verdict and judgment and defendant reviews by writ of error.

The insured, plaintiff's husband, on April 23, 1925, made a written application for the insurance in which he elected to pay the premium quarterly. The policy issued and unconditionally delivered to the insured recited:

"This insurance is granted in consideration of the application herefor, and of the premium of fifty-six and 66-100 dollars, receipt of which is hereby acknowledged, which is in whole or in part for term insurance for one year, and of the further payment of a like amount on or before the 30th day of each April in every year thereafter until 37 full years' premiums

---

[2]Damages, 17 C. J. § 317.

in all have been paid, or until prior death of the insured."

In February, 1926, or about nine months after delivery of the policy, the insured died. Defendant, under plea of the general issue, gave notice that the policy had lapsed because there had been paid premium for three months only. Plaintiff first learned of the insurance when she found the policy after the death of her husband. At the trial counsel for plaintiff objected to any evidence in support of the alleged defense, and, at the close of the proofs, moved for a directed verdict. The motion was denied. In denying defendant's motion for a new trial the judge expressed the opinion that the court might well have directed a verdict for plaintiff upon the recital in the policy of receipt of the annual premium. The application, signed by the insured, was a part of the policy and therein the election was made to pay the premium quarterly. Of course, this did not prevent payment of the full annual premium. Plaintiff, of necessity, relied wholly upon the recital of payment in the policy.

Defendant's agent, who solicited the insurance, received the application, delivered the policy and received the premium paid, testified that the premium paid was for three months and evidenced by a yellow receipt attached to the policy by a clip when delivered to the insured. The receipt was not produced at the trial.

Many assignments of error are urged, but, if there was no defense, and the court should have directed a verdict in favor of the plaintiff, we cannot order a new trial. There was no defense alleged or made. We are constrained, by the great weight of authority, to hold defendant estopped by the contract recitals in the policy, unconditionally delivered to the insured, from asserting the falsity thereof in defense of its liability. We expressly reserve from the scope of

this decision cases of conditional deliveries of policies, validity or continuing force of policies dependent upon performance of conditions subsequent, and fraud.

In the case at bar the policy was delivered unconditionally, was valid, and the only defense urged was that the premium had been paid for but three months, and, therefore, at the death of the insured, nine months later, the policy had lapsed, although the policy stated the premium had been paid for a year. The rule in such case, according to the weight of authority, is that

"Where a life insurance policy is delivered unconditionally, an acknowledgment in the policy of the receipt of the premium estops the insurer in the absence of fraud to contest the validity of the policy on the ground of nonpayment of the premium." Ann. Cas. 1915D, 366, note to *Britton* v. *Insurance Co.*, 165 N. C. 149 (80 S. E. 1072).

In the *Britton Case* the facts were quite similar to the case at bar; there the insured elected to pay the premium quarterly, paid only one quarter and the company sent a quarterly receipt, which was not found at the time of the trial, and the policy delivered the insured acknowledged receipt of semi-annual premium. The insurance company contended that the policy lapsed for nonpayment of the premium for the second quarter. The court held:

"The policy sued on acknowledges receipt of premium for six months, and contains a provision that the premium is to be paid semi-annually. The law will not permit the defendant to avoid the policy in the face of such recital."

The following are a few of the many authorities supporting the mentioned rule: *Mutual Life Ins. Co. of New York* v. *Vaughan,* 125 Miss. 369 (88 South. 11) ; *Basch* v. *Insurance Co.,* 35 N. J. Law, 429 ; *Dobyns* v. *Beneficiary Ass'n,* 144 Mo. 95 (45 S. W. 1107) ;

*Provident Life Ins. Co.* v. *Fennell,* 49 Ill. 180; 32 C. J. p. 1204.

The policy was for $2,000.   The *ad damnum* clause in the declaration was $2,000.   The judgment was for $2,000 and interest amounting to $108.   Defendant urges error because the judgment exceeds the *ad damnum* clause.   We held in *Patrons' Mutual Fire Ins. Co.* v. *Helli,* 232 Mich. 446, that interest may be recovered, although it is not claimed or demanded in the declaration, and we hold the allowance of interest was permissible even though it brought the judgment above the *ad damnum* clause.   See *Grand Lodge A. O. U. W.* v. *Bagley,* 164 Ill. 340 (45 N. E. 538).

Judgment affirmed, with costs to plaintiff.

NORTH, FELLOWS, CLARK, MCDONALD, and SHARPE, JJ., concurred.

Chief Justice FLANNIGAN and the late Justice BIRD took no part in this decision.