E. V. Foltz et al., Appellees, v. F. M. Hutson et al., Defendants. George F. Scott, Appellant.

Gen. No. 8,875.

Opinion filed July 17, 1935.

VAN SELLAR & McCLAIN, of Paris, and ACTON, ACTON & BALDWIN, of Danville, for appellant; W. M. ACTON, of counsel.

CRAIG & CRAIG, of Danville, WILBER H. HICKMAN, of Paris, ROBERT M. WERDEN, and FRED L. WHAM, JR., of Centralia, for appellees.

MR. PRESIDING JUSTICE FULTON delivered the opinion of the court.

This was an action of debt brought by appellees as trustees of schools against the appellant George F. Scott et al., upon the bond of a school township treasurer for an alleged shortage. The defendants in the suit were F. M. Hutson, the school treasurer, Rossie Helt and the appellant George F. Scott, his bondsmen. Helt was dismissed from the case under a plea of discharge in bankruptcy and judgment was entered against F. M. Hutson and the appellant for $2,201.08 and costs of suit, and the appellant has perfected his appeal to this court to review said judgment.

The case was tried upon an amended declaration of one count, which averred the execution of the school treasurer's bond, under date of February 4, 1932; that the bond was in the form prescribed by statute and conditioned that the township treasurer of schools should deliver to his successor all moneys, etc., which should come into his hands or control as such township treasurer, from the date of his bond up to the time that his successor shall have qualified. The breach assigned was that he had not delivered all moneys and securities which came into his hands or control as such treasurer after the 4th day of February, 1932; that at the time his successor in office had duly qualified the said treasurer had in his possession the sum of $2,016.84, which sum he wholly refused and failed to turn over to his successor and the *ad damnum* named in his declaration was $2,016.84.

The appellant filed a plea of general issue and seven special pleas as follows: (a) Plea of statute of limitations. (b) That the default, if any, sued for accrued before the execution of the bond by the appellant and that appellant did not incur any liability for any act of the treasurer which occurred before the execution of the bond. (c) That at the time of the execution of the bond sued on there was a shortage in the accounts of the treasurer and the appellant and the other signers of said bond did not obligate themselves to pay any portion of said shortage that occurred before the execution of said bond. (d) Plea of performance. (e) Plea of *non damnificatus*. (f) That the treasurer had not failed to pay over any moneys or securities to his successor that he had received as such treasurer since February 4, 1932, and that he did not, on July 1, 1932, have in his possession the said sum of money which had come into his hands and control as such treasurer after February 4, 1932. (g) Plea of *non est factum*.

The court sustained a demurrer to the five special pleas above numbered a, b, c, d, and e, and it was

agreed at the trial that issue was joined on the sixth and seventh special pleas, just the same as though formal replication had been filed thereto. By agreement of parties, a jury was waived and the cause tried before the court.

F. M. Hutson was duly elected township treasurer on July 1, 1930, and gave bond as provided by law. On February 4, 1932, he gave a new bond (being the bond involved in this case) with the appellant George F. Scott as one of the sureties. On July 1, 1932, a new treasurer was elected to succeed F. M. Hutson. After the new treasurer had qualified, by giving bond as required by law, F. M. Hutson failed to turn over to him, as his successor, the funds and moneys which had come into his hands as such township treasurer. The fact that the treasurer was short is not seriously disputed, the contention between the parties being as to whether appellant was bound for any shortage occurring prior to February 4, 1932. This suit was brought because of the inability of Hutson to pay up in full. The treasurer's account books for the years June 30, 1931 and June 30, 1932, and the trustee's annual report, prepared by the treasurer, for the year ending June 30, 1932, were introduced in evidence on the trial. These were the only records kept and reports made by the treasurer F. M. Hutson and they show the funds and money in his hands on the respective dates. These books show that on June 30, 1931, the treasurer reported he had a cash balance on hand of $3,116.90. These books and records also show that for the year ending June 30, 1932, the treasurer had in his hands a cash balance of school funds totaling $2,098.33. This same amount is shown to be the cash balance by the trustees' annual report. After June 30, 1932, Hutson paid over to his successor $81.40.

The appellant contends that the books show no shortage in the amount received by the treasurer after February 4, 1932, and that the treasurer had accounted

for all money which had actually come into his hands since the date of the giving of the bond, and that the defalcation, if any, had been committed by the said F. M. Hutson prior to the giving of the bond sued upon.

The first error assigned, by appellant, for reversal is that since the *ad damnum* in the declaration is only $2,016.84 and the judgment is $2,210.08; that therefore the judgment is erroneous, relying upon the principal of law stated in *Burns v. Kaylor,* 264 Ill. App. 469, as follows: "It is reversible error to enter a judgment for a greater sum than the Plaintiff claims in his declaration." But the appellees point out that no such question was raised in the trial court and therefore cannot be taken advantage of on appeal and a search of the record does not disclose that this objection was raised at any time before the trial court. We, therefore, believe that such error, if any, should have been urged at the time of entering judgment, thus giving the appellees an opportunity to amend. *Grand Lodge v. Bagley,* 164 Ill. 340. However, appellees have filed a motion in this court for leave to amend said declaration as to said *ad damnum* in accordance with the provisions in section 92 (1a) of the Civil Practice Act of 1934, Cahill's St. ch. 110, ¶ 220, which amendment has been permitted by this court.

Secondly, the appellant urges that the court erred in refusing the motion of the appellant to require the appellees to bring in the former bondsmen of the same school treasurer because the major part of the loss occurred during the existence of the former bond, and the appellees should have been required to bring them in as parties defendant to this suit. This suit was an action in debt on an official bond, and all of the persons who were parties to the contract, involved herein, that is, the principal and all of his sureties, were made parties hereto. Cahill's St. ch. 103, ¶ 13 (section 13, ch.

103, Smith-Hurd Ill. Revised Statutes, 1933) provides that whenever the condition of the bond of any public officer shall be violated, suit may be instituted and prosecuted against such officer and any or all of the sureties, or against one or more of them, jointly and severally, without first establishing the liability of the principal, by obtaining judgment against him alone. In the case of *People v. Jamison,* 157 Ill. App. 546, the court said: ''A suit on an official bond may be maintained against any one or more of the parties executing the same.'' We are of the opinion that the court correctly denied such motion.

The third contention of the appellant is that the court erred in sustaining the demurrer to the second and third special pleas which set up in substance that the loss had occurred during the existence of a previous bond. Our courts have held that where a township treasurer is elected his own successor and gives a new bond, the sureties on such bond are liable thereon for any amount which appears to have been in the hands of such officer belonging to the school district at the end of the preceding term. *People v. Birket,* 342 Ill. 333; *Morley v. Town of Metamora,* 78 Ill. 394; *Trustees of Schools v. Cowden,* 240 Ill. 39. In addition to the cases cited there are many decisions in this State which hold that sureties on a bond of township treasurer are liable, not only for the funds, that actually come into his hands after the date of the bond but also for funds which he held in his possession from a previous term and although this bond was given in the middle of the term of the township treasurer we believe the same law applies, and therefore demurrers to such pleas were properly sustained.

The fourth contention of the appellant was that the court erred in sustaining the objection of appellees to a question asked of a witness as to the funds on hand on June 30, 1931. This was an attempt to vary the

books and official records of the treasurer by parol testimony which was clearly incompetent.

We are of the opinion that the errors assigned and argued by the appellant are without substantial merit and that the judgment entered by the trial court in this cause should be affirmed.

*Affirmed.*