STEFFEN v. UNITED STATES.
No. 11889.

United States Court of Appeals
Sixth Circuit.
May 25, 1954.

Frank V. Benton, Jr., Newport, Ky. (Frank V. Benton, Jr., Benton, Benton & Luedeke, Newport, Ky., on the brief), for appellant.

Kit C. Elswick, Asst. U. S. Atty., Lexington, Ky. (Claude P. Stephens, U. S. Atty., Lexington, Ky., on the brief), for appellee.

Before SIMONS, Chief Judge, and ALLEN and MILLER, Circuit Judges.

MILLER, Circuit Judge.

The United States of America, appellee herein, brought this action against the appellant, M. J. Steffan, doing business as Campbell Wrecking Company, for damages in the sum of $5,873.90 with interest, for failure of the appellant to perform a contract calling for the demolition and removal of a building, by reason of which failure the United States was required to have the work performed by another contractor at an increased cost. The District Judge sustained appellee's motion for summary judgment in the amount prayed for.

On November 24, 1942, the appellant was the successful bidder and was awarded contract No. VAm 17242 for the purchase of building No. 6A at the Veterans Administration Hospital, Dayton, Ohio, for the sum of $1,111.00 and the agreement to demolish and remove the structure within 180 days after date of the notice of award. Paragraphs 12, 14 and 15 of this contract provided as follows:

"12. The contractor shall furnish all labor and equipment required for completely razing and removing all salvaged material and debris including trash house, cement sidewalks and bituminous roads adjacent to building, from Government property as required to wreck Building No. 6A at Veterans Administration Facility, Dayton, Ohio, as indicated and described on the attached Drawing P. H. 682 and the specifications covering wrecking data.

"14. All wrecking, including the removal of all salvaged material and debris and the restoration of the site shall be completed within 180 calendar days after date of notice of award. In event contractor elects not to start wrecking work until after the winter weather is over he may do so by obtaining written permission from the Manager.

"15. The successful bidder agrees to furnish a performance bond or other acceptable guaranty in amount of $1,000 as a guaranty that he will perform all terms and conditions of the contract regarding removal of property and restoration of the premises."

Paragraph f of the Detailed Specifications read as follows:

"f. No fills will be permitted in old basements left below grade unless it is a reasonable solid fill of such material as old plaster, broken bricks, broken stone or broken concrete. Fill of this type will be permitted up to a point 30 inches below natural grade except that portion of the basement as shown by dotted lines on Drawing P. H. 682 where tunnel is to be installed by Government after wrecking is completed. No fill will be permitted in this portion of basement. Broken timbers or wood of any description, old metal or similar debris will not be permitted for back filling of basement areas under any circumstances. No type of fill of any description will be approved at a point higher than 30 inches below natural grade, except solid earth fill."

Appellant was unable to complete the contract within the stipulated time, and, after obtaining extensions of time, on November 16, 1943, made a contract with John R. Gaiser to complete the contract for the sum of $850. Gaiser performed considerable work but failed to complete the contract because he was drafted into military service.

On August 19, 1944, the United States entered into a contract with C. D. Webb and Son to complete the wrecking of Building 6A for the sum of $7,086.50, subject to 3% discount for prompt payment. This contract contained the following provision:

"Contractor shall furnish all labor and equipment as required for razing foundations and foundation walls of building 6A including trash house foundations, side walls and bituminous roads adjacent to building 6A, restoration of the site and the removal from government property of all wrecking debris as re-

quired to complete the wrecking of building 6A, at Veterans Administration Facility, Dayton, Ohio, in strict accordance with the following specifications and as indicated and described on attached drawing P. H. 682 which is made a part of the contract.

\* \* \* \* \* \*

"Completion of all work, including removal of side walks and roads to be removed, removal of all debris and restoration of the site shall be completed within sixty (60) calendar days after date of notice of award.

\* \* \* \* \* \*

"The successful bidder agrees to furnish a performance bond, or acceptable guaranty in amount of $1,000 as a guaranty that he will perform all terms and conditions of the contract regarding removal of property and restoration of the premises."

The Detailed Specifications contained a paragraph dealing with fills which was almost identical in wording with Paragraph f of the Detailed Specifications of the first contract.

Webb completed his work under the contract promptly and satisfactorily and was paid the net contract price of $6,873.90. The Bonding Company later paid the $1,000 called for by its performance bond, which amount the United States credited against the $6,873.90 paid to Webb. This action was thereafter filed on February 21, 1951 to recover the remainder of the amount paid to Webb, namely, $5,873.90, with interest from June 6, 1949, which was the date of the certificate of settlement by the General Accounting Office.

At the close of all the evidence the District Judge submitted the case to the jury under instructions which permitted the United States to recover from the appellant the amount of money it was required to pay to get its contract with appellant completed. The jury found for the plaintiff in the amount of $500.00. He thereafter, on May 29, 1952, over-

ruled appellant's motion for judgment notwithstanding the verdict, sustained appellee's motion for a new trial and assigned the case for trial for September 24, 1952. On September 22, 1952, appellee filed a motion for summary judgment which the Court sustained on February 10, 1953, followed by the entry of a judgment on February 16, 1953 in the amount of $5,873.90 with interest at 4% from October 7, 1944, from which the present appeal was taken.

■■ We agree with the ruling of the District Judge in rejecting appellant's contention that the action was barred by the six-year statute of limitations contained in Sec. 2401(a), Title 28, U.S.Code. That section is limited to actions *against* the United States. We cannot by analogy make it apply to actions brought by the United States. In the absence of an applicable federal statute the state statute of limitations controls. Cope v. Anderson, 331 U.S. 461, 463, 67 S.Ct. 1340, 91 L.Ed. 1602; Hutto v. Benson, 6 Cir., 212 F.2d 349. The applicable Kentucky statute is Sec. 413.090, Kentucky Revised Statutes, which provides for a fifteen-year period for actions for breach of a written contract.

■ Appellant also contends that the trial Judge erred in receiving in evidence over objections of appellant unauthenticated photostats of the two contracts. Rule 44, Rules of Civil Procedure, 28 U.S.C.A. The Judge had previously sustained appellant's motion to require the Government to file these documents, which ruling had not been complied with. The photostats in their unauthenticated conditions were not technically admissible and the District Judge would have been justified in refusing to admit them. But apparently they were conditionally received subject to being duly certified at a later time. Properly certified photostatic copies were thereafter filed on January 3, 1952, which was prior to the order of May 29, 1952 overruling appellant's motion for judgment notwithstanding the verdict and the ruling of February 10, 1953 sus-

taining appellee's motion for summary judgment. Accordingly, they were in the record for consideration by the District Judge several months before he made the rulings which are being reviewed on this appeal. Appellant makes no claim that the unauthenticated photostats were not bona fide, exact copies of the originals, and makes no showing of having been prejudiced by the rulings. The rulings obviously did not affect the substantial rights of the appellant, and will be disregarded on this review. Sec. 2111, Title 28, U.S.Code; Sivert v. Pennsylvania R. Co., 7 Cir., 197 F.2d 371, 377. Compare: Ohl & Co. v. A. L. Smith Iron Works, 288 U.S. 170, 53 S.Ct. 340, 77 L.Ed. 681.

Appellant's contract, under "Terms of Sale," required that a deposit of 10 per cent of the total amount of the bid accompany the bid, and provided: "Deposits of unsuccessful bidders will be returned. Deposits of successful bidders will be held as security for the payment of any balance of purchase price due and removal of material. When these terms are complied with, deposits will be applied on any final payment due. The deposit will be forfeited to the government as liquidated damages in the event purchaser fails to make final settlement or remove property purchased within the time specified. (See paragraph 15.)" Paragraph 15 is the requirement of a performance bond. Appellant contends that under this provision of the contract the damages were liquidated and limited to $1,000, the amount provided by the performance bond.

■ A provision in a contract providing for liquidated damages will be enforced by the Court, provided it is in reality liquidated damages and not a penalty. If such provision is in fact a penalty it will not be enforced and the injured party will be entitled to recover the actual damages suffered. Restatement, Contracts, Sec. 339; Fidelity & Deposit Co. of Maryland v. Jones, 256 Ky. 181, 186–192, 75 S.W.2d 1057.

■ As a general rule, whether the stipulated sum is liquidated damages or a penalty depends upon the intention of the parties, to be determined by a consideration of the entire contract and the circumstances under which it was executed. Kothe v. R. C. Taylor Trust, 280 U.S. 224, 226, 50 S.Ct. 142, 74 L.Ed. 382. An agreement to pay a fixed sum regardless of the nature of the breach or the extent of the damage, or which has no reasonable relation to the probable damage which may follow a breach, will be treated as a penalty and will not be enforced. If the actual damage sustained would be wholly uncertain and incapable or very difficult of being ascertained, except by conjecture, the courts are inclined to look to the measure of damages fixed by the contract. But where the actual damage can be correctly ascertained by the application of a proper measure of damages to the actual facts, the courts are inclined to treat the provision as a penalty and leave the parties to their proof of actual damages suffered. Restatement, Contracts, Sec. 339; Fidelity & Deposit Co. of Maryland v. Jones, supra; Kothe v. R. C. Taylor Trust, supra.

■ We are of the opinion that the provision under consideration in the present contract is not to be construed as the amount of damages to be paid by appellant upon failure to perform. It clearly pertains to the small deposit accompanying the bid. United States v. Conti, 1 Cir., 119 F.2d 652, 655. The deposit is not involved in the present case, since appellant paid the entire $1,110 called for by the contract. The amount of damage could be large or small depending upon how little or how much of the contract appellant completed before abandoning it. Yet the same sum would be paid for a breach at any point of performance. The actual damage is not speculative or uncertain, but can be fairly easily and accurately determined. We construe the provision as a penalty to enforce the performance of the contract, and not as barring the Government from proving and recovering its actual damage. The performance bond itself contains no provision about liqui-

dated damages and the sureties thereon were liable according to its terms. The District Judge correctly applied this payment as a credit on appellee's actual damage.

■ There is more merit to appellant's contention that a jury should have been permitted to assess the damages in the present case. It is a well settled principle of contract law that in a labor or construction contract of the type herein involved the unwarranted failure or refusal of the contractor to perform the contract entitles the other party to the contract to have the unperformed portion of the contract completed by another contractor and to recover as damages for the breach of the contract the difference between the reasonable cost of having such contract completed according to its terms and the amount remaining unpaid to the contractor under the original contract. Midland Land & Improvement Co. v. United States, 270 U.S. 251, 46 S.Ct. 218, 70 L.Ed. 570; Carl Const. Co. v. Miller, 234 Ky. 794, 799, 29 S.W.2d 545; American Surety Co. v. United States, 9 Cir., 136 F.2d 437, 439. If the work called for by the second contract is merely the uncompleted work under the first contract, with no material change in specifications or conditions, the amount called for by the second contract is the amount of damage caused by the breach, subject to any credits for amounts unpaid under the first contract. In the present case, there were no such unpaid amounts due appellant. In sustaining appellee's motion for summary judgment, the District Judge was of the opinion from a consideration of the two contracts that the work called for by the second contract with Webb was merely the uncompleted portion of the contract with the appellant, and that the United States was therefore entitled as a matter of law to recover the net payment it made to Webb to have the work completed. United States v. Grosjean, 9 Cir., 184 F. 593, 595.

■ However, it necessarily follows from the foregoing rule that if the second contract calls for additional work not included under the first contract, or contains specifications or conditions materially different from those included in the first contract, the amount called for by the second contract is not the correct measure of damage, and it becomes a factual question for the jury to determine what was the additional amount the owner of the property was required to pay to have only the uncompleted work performed by another contractor under the same specifications and conditions. United States v. California Bridge & Construction Co., 245 U.S. 337, 344, 38 S.Ct. 91, 62 L.Ed. 332.

Appellant contends that the Government's contract with Webb was not limited to completing the unfinished portion of its contract with appellant, and, in any event, contained terms and conditions for the performance of the work which were materially different from the terms and conditions in the first contract. See American Surety Co. v. United States, supra, 136 F.2d at page 439. Specifically, it is claimed that under the first contract appellant was not required to restore the site to a level condition, and that such requirement in the second contract with Webb was additional work performed by Webb which materially increased the contract price and which could not be charged to appellant. Reliance is placed upon Paragraph 12 of appellant's contract which, in stating the contractor's duties, does not include restoration of the site, while the comparable paragraph in the contract with Webb specifically includes "restoration of the site." However, Paragraph 12 must be read in conjunction with Paragraph 14, which refers to "wrecking" as "including the removal of all salvaged material and debris and the restoration of the site." Also, Paragraph 15 requires a performance bond to guarantee performance of the terms of the contract "regarding removal of property and restoration of the premises." We are of the opinion that a reasonable construction of appellant's contract included the obligation to restore the site, and that the inclusion of such

an obligation in the contract with Webb was not a material variation from the first contract.

In bidding on the second contract, Webb submitted with his bid a letter stating that his bid did not "include the filling of any area excavated with dirt or any other suitable material." This construction of the contract was agreed to by the Government in accepting the bid. This answers appellant's contention that the $6,873.90 paid to Webb included the cost of earth fills which appellant was not required to do under the first contract. We agree with the District Judge's ruling that any earth fill done by Webb was not part of Webb's contract and was not paid for by the appellee.

■ The Government's contract with Webb, however, contains one and one-half pages of provisions that were not included in the contract with appellant, dealing with employment of labor, ceiling prices, conservation orders of the War Production Board or other authorized Government agencies, non-discrimination against employees, and war manpower restrictions. The Government's evidence did not show that these were immaterial variations and did not affect the contract price. In the absence of such a showing we are of the opinion that it was error on the part of the District Judge to rule as a matter of law that the amount specified in its contract with Webb was the reasonable cost incurred by it in obtaining performance of its contract with appellant. Unless the variations between the two contracts are immaterial, the factual question of what was the reasonable cost of completing the first contract according to its terms and conditions is for the jury. United States v. California Bridge & Construction Co., supra, 245 U.S. at pages 344–345, 38 S.Ct. 91; United States v. Conti, supra.

■ The District Judge allowed interest for several years prior to the time specifically asked for by the complaint, which appellee now attempts to justify under its prayer in the complaint

for "all proper relief." A court may not properly enter a judgment which goes beyond the claim asserted in the pleadings. Standard Oil Co. of Indiana v. State of Missouri, 224 U.S. 270, 281, 32 S.Ct. 406, 56 L.Ed. 760; Sylvan Beach v. Koch, 8 Cir., 140 F.2d 852, 861. While a prayer for general relief may be sufficient to sustain an award of interest not specifically prayed for, Hollingsworth v. Liberty Life Ins. Co., 241 Mich. 675, 679, 217 N.W. 908; Anglo California Nat. Bank v. Lazard, 9 Cir., 106 F.2d 693, 704–705, it is not sufficient to sustain an award inconsistent with that specifically prayed for. Twachtman v. Connelly, 6 Cir., 106 F.2d 501, 505; In re Wesley Corporation, D.C.E.D.Ky., 18 F.Supp. 347, 354. The award of interest should be restricted to the amount specifically prayed for in the complaint. Furnace Gap Coal Co. v. White, 255 Ky. 351, 356, 74 S.W.2d 4; Companhia de Navegacao Lloyd Brasileiro v. C. G. Blake Co., 2 Cir., 34 F.2d 616, 619; Carter Brick Co. v. Clement, Tex.Civ. App., 84 S.W. 434; Molony & Carter Co. v. Pennell & Harley, 169 S.C. 462, 169 S.E. 283.

Appellant asks that if the judgment is reversed we (1) direct the entry of a judgment in appellant's favor, or (2) direct the entry of a judgment for $500.00 in favor of the appellee upon the verdict of the jury. In view of what we have said hereinabove, neither alternative is the proper one. We are of the opinion that the District Judge was correct in sustaining appellee's motion for a new trial following the verdict of the jury, in that the jury was incorrectly instructed with reference to giving the appellant credit for that portion of the contract price which the Government paid to Webb for making the earth fill in the last 30 inches below ground level. That work was not included in the contract price paid by the Government.

The judgment is reversed and the case remanded to the District Court for a new trial in accordance with the views expressed herein.