**3 M DISTRIBUTING CORPORATION,**
**Appellant,**

v.

**RUGBY CORPORATION, Appellee.**

**No. 3612.**

District of Columbia Court of Appeals.

Argued Dec. 21, 1964.

Decided April 29, 1965.

Jack A. Hillman, Washington, D. C., for appellant.

Charles L. Aulette, Washington, D. C., for appellee. Norman L. Brown, Washington, D. C., also entered an appearance for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge:

Appellant seeks reversal of a judgment against it for unpaid rent on three main grounds.

First, appellant contends that appellee, a Maryland corporation never authorized to transact business in the District of Columbia,[1] did transact business here in connection with the lease involved, and therefore cannot maintain this action.[2] Appellee was organized under Maryland law for the primary purpose of buying a piece of real estate in Bethesda, Maryland, and erecting thereon a building known as the Rugby Building. In order to obtain Documentation, Inc. as a long-term tenant in the Rugby Building, appellee assumed the balance of Documentation's then existing lease on certain property on Calvert Street in the District of Columbia, and then sublet the Calvert Street property to several tenants, including appellant. The leasing and management of the Calvert Street property was accomplished through a District of Columbia real estate agent. Appellant's lease was for approximately seventeen months. It is our opinion that the assumption of the balance of Documentation's lease in the District and the subletting for the remainder of the term did not constitute the transaction of business by appellee in the District of Columbia within the meaning of the Code Sections above cited.[3]

Appellant's second contention is that it had no valid lease with appellee. This contention is based on the claim that the lease was never approved by appellant's board of directors, that it was not signed by its president, although it bore the initials of the president in three places approving changes in the printed form, and that it was not signed in the corporate name, although it was signed by the appellant's secretary and bore the corporate seal. The trial court was justified in finding that any technical deficiences in the lease were overcome and waived by the corporation in occupying the premises, making the deposit required by the lease, paying rent under the lease, and by other acts and correspondence recognizing and approving the lease as the act of the corporation.

 The third claim, inconsistent with the second, is that a "security deposit" of $275 required by the lease constituted a liquidated damage provision, preventing the recovery of any other sum. We find no merit to this contention.[4]

Affirmed.

---

1. Code 1961, § 29–933.

2. Code 1961, § 29–934f.

3. See Annotation "leasing of real estate by foreign corporation, as lessor or lessee, as doing business within state within statutes prescribing conditions of right to do business." 59 A.L.R.2d 1131.

4. See Steffen v. United States, 213 F.2d 266 (6th Cir. 1954).