On Motion to Dismiss Appeal.
LAND, J.
The civil sheriff for the parish of Orleans, appellee herein, through his counsel, on November 9, 1905, filed his motion to dismiss the appeal of George A. Hassinger, on the following ground, viz.:
“First. That there is no legal order of appeal.
“Second. That the record is incomplete and defective, and that there is no proper certificate of the clerk thereto.”
The transcript discloses an unsigned order for a suspensive appeal at the foot of a petition for an a-ppeal, addressed to the Honorable W. B. Sommerville, judge of the civil district court, division D. This order is neither dated nor signed by the judge, but below the order and on the left-hand side appear the initials “W. B. S.” The proceeding was had in chambers, and the record discloses no entries on the minutes of the court.
The certificate of the clerk covers all the proceedings had from June 12,1905, to August 3, 1905, both inclusive, and the record contains no note of evidence or statement of facts.
Counsel for appellant has filed a motion for certiorari in this cause, for the purpose *418 of curing the alleged defects in the transcript of appeal, and has also filed a statement from the judge a quo. Prom the recitals contained therein it appears that the judge was disinclined to allow an appeal, and took the matter under advisement. It further appears that the judge, after consideration, concluded that a suspensive appeal should be granted as prayed for. Thereupon he wrote the initials pf his name beneath the order, and notified all parties that the appeal had been granted. It does not appear when the initials were indorsed on the order. In a supplemental statement of date November 20, 1905, the judge informs the court that he has signed the order of appeal nunc pro tune, and this fact further, appears from the return of the clerk to the certiorari.
It is evident that, as the petition for appeal was presented to the judge in chambers and during vacation, his action thereon can be authenticated only by his official signature. The question before us is whether the initials of his name can be regarded as such signature.
A. similar question was decided by the Supreme Court of the United States in Origet v. United States, 125 U. S. 240, 8 Sup. Ct. 846, 31 L. Ed. 743. In that case the court said:
“We cannot regard the initials “A. B.” as the signature of the judge, or as sufficient evidence of its allowance by the judge or the court.”
The question arose on a bill of exception indorsed “Allowed A. B.”; the letters being the initials of the name of the presiding judge of the lower court. We concur in this view as to the legal efficacy of initials in eases where the official signature of the judge is required. It is true that in this court the initials of the justice are indorsed on the opinions rendered. But this usage is merely for the purposes of indicating concurrence in decrees, which are never signed by the members of the court, but are handed down and entered on the minutes.
As an unsigned order of appeal taken by petition is no order at all, the appeal must be dismissed. Had the order been signed before the return day, or had the order been granted in open court but not entered on the minutes, a different question would be presented. In all cases an order of appeal is essential, and in the nature of things must be granted before the case is filed in the appellate court. In all the cases cited this was done. Austin v. Scovill, 34 La. Ann. 486; State ex rel. Allen & Syme v. Judge, 35 La. Ann. 1107. We can no more recognize an unsigned order of appeal than an unsigned order for an attachment, injunction, or other conservatory writ or process. There should be no doubt or uncertainty on the question whether or not an order had been granted by the judge, and the fact should be attested by his official signature or by the minutes of the court over which he presides. Where there is no order there can be no citation of appeal. An order of date November 20th is no basis for an appeal returnable on November 6th. We cannot recognize an appeal by verbal order in chambers.
It is therefore ordered that the appeal herein be dismissed, at the cost of the appellant.