# UNITED STATES AT THE RELATION OF KINNEY *v.* UNITED STATES FIDELITY AND GUARANTY COMPANY.

## ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE THIRD CIRCUIT.

No. 664. Motion to dismiss or affirm. Submitted December 4, 1911.— Decided December 18, 1911.

Where the effect of the denial of plaintiff's motion for judgment is simply to postpone consideration of the subject until the trial, plaintiff's interests are not prejudiced and there cannot be reversible error.

Occurrences at the trial cannot be considered if the record contains no bill of exceptions.

A paper in the record signed by the plaintiff is not a bill of exceptions although styled exceptions to charge of jury and purporting to be initialed by the trial judge. *Origet* v. *United States*, 125 U. S. 243.

Even if a part of the record were treated as a bill of exceptions if all matters therein depend for their solution upon examination of evidence not in the record, this court will affirm, not having any means for determining whether reversible error arose from the action of the court.

186 Fed. Rep. 477, affirmed.

THE facts are stated in the opinion.

*Mr. Thomas Stokes* and *Mr. Bayard Henry,* for defendant in error in support of the motion.

*Mr. Robert D. Kinney,* relator in *propria persona,* in opposition thereto.

Memorandum opinion by direction of the court. By MR. CHIEF JUSTICE WHITE.

The trial court instructed a verdict for the defendant,

and the court below affirmed its action. The suit was to recover upon the bond of a Clerk of a Circuit Court. 186 Fed. Rep. 477. We think a motion to affirm must prevail.

All the errors relied upon complain of a refusal to grant a motion of the plaintiff for judgment because of the insufficiency of "an affidavit of defense" and of various rulings made at the trial. Although the motion for judgment was denied, its merits were not passed upon, since the effect of the ruling was simply to postpone consideration of the subject until the trial, and therefore the exception which was formally allowed was simply "to the refusal by the court to decide the issue of law raised by plaintiff's motion for judgment," etc. But afterwards the defendant filed formal pleas to the statement of plaintiff's claim and joined issue thereon. As the ruling left it open to raise the question presented by the motion, it follows that the mere order of postponement did not prejudice and cannot possibly constitute reversible error. As to the contentions which relate to occurrences at the trial, they cannot be considered, as the record contains no bill of exceptions. The paper in the record styled "Exceptions to the charge to jury," initialed "J. B. McP., trial judge," and signed by the plaintiff, is not a bill of exceptions (*Origet* v. *United States*, 125 U. S. 240, 243), but if it were to be treated as a bill of exceptions, as all the matters therein referred to depend for their solution upon an examination of the evidence which is not in the record, it follows that we have no means of determining whether reversible error arose from an action of the court on any of the subjects to which the paper refers. This being the case, it becomes our duty to affirm.

*Affirmed.*