## CAVAGNARO v. LATIMER.
### No. 4391.

Circuit Court of Appeals, Third Circuit.
June 25, 1931.
Rehearing Denied July 31, 1931.

Russell Fleming and Fleming & Handford, all of Newark, N. J., for appellant.

Collins & Corbin, of Jersey City, N. J. (E. A. Markley, of Jersey City, N. J., of counsel), for appellee.

Before BUFFINGTON, WOOLLEY, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

The appellant brought suit in the District Court for the District of New Jersey to recover damages for personal injuries received in a right angled collision between his automobile and that of the appellee. The assignments of error are based on the refusal of

the trial judge to affirm eleven requests for charge at the conclusion of the evidence in the case.

The appellee raises a jurisdictional question based upon the fact that the printed transcript of record filed in this court, which we must presume to contain the entire record of what occurred in the court below, discloses that no bill of exceptions was presented, settled, or signed by the District Judge.

The object of a bill of exceptions is to put the decision objected to upon record for the information of the court having cognizance of the cause in error. Bills of exceptions were authorized by Statute Westm. 2d (13 Edw. I) c. 31. It provides for compelling the judges to sign such bills, and for securing the insertion of the exceptions upon the record. Bouv. (Baldwin's Rev.) 123.

That the necessity of a bill of exceptions in the federal courts is recognized by Congress is apparent from the language of the Act of June 5, 1900, § 1, Rev. St. § 953 (28 USCA § 776), which provides: "A bill of exceptions allowed in any cause shall be deemed sufficiently authenticated if signed by the judge of the court in which the cause was tried, or by the presiding judge thereof if more than one judge sat at the trial of the cause, without any seal of the court or judge annexed thereto." Origet v. United States, 125 U. S. 240, 8 S. Ct. 846, 31 L. Ed. 743; Malony v. Adsit, 175 U. S. 281, 20 S. Ct. 115, 44 L. Ed. 163.

In the federal courts in actions at law, a bill of exceptions stating the rulings and the exceptions, settled and signed by the trial judge, is indispensable to the review of rulings upon requests for instructions to the jury. Morse v. Anderson, 150 U. S. 156, 14 S. Ct. 43, 37 L. Ed. 1037; Kinney v. U. S. Fidelity Co., 222 U. S. 283, 32 S. Ct. 101, 56 L. Ed. 200; Wyss-Thalman v. Maryland Casualty Co. (C. C. A.) 193 F. 53.

The record filed in this court contains merely the pleadings, the stenographer's notes of the testimony, and rulings of the trial judge at the trial, and is entirely devoid of any showing that the proceedings were incorporated in a bill of exceptions drawn up and settled in proper form and signed by the judge of the court below. It is apparent, therefore, that no lawful record is before this court. The appeal, therefore, must be dismissed.

Appeal dismissed.