## GEORGE A. OHL & CO. *v.* A. L. SMITH IRON WORKS.

Nos. 228 and 229.  Argued December 16, 1932.—Decided February 6, 1933.

---

*Mr. Lee M. Friedman,* with whom *Mr. Louis B. King* was on the brief, for petitioner.

*Mr. Martin Witte,* with whom *Messrs. Lowell A. Mayberry* and *Robert Gallagher* were on the brief, for respondent.

Mr. Chief Justice Hughes delivered the opinion of the Court.

In these actions at law, tried together before District Judge James A. Lowell and a jury, respondent obtained judgments and petitioner appealed to the Circuit Court of Appeals. The records on the appeals contained what purported to be bills of exceptions signed by the attorneys for the respective parties and initialed by the District Judge as follows: "Allowed August 20, 1930, J. A. L., D. J." The Circuit Court of Appeals affirmed the judgments upon the sole ground that the bills of exceptions were not sufficiently authenticated and that it was too late to send the cases back for amendment as the term for which the judgments were entered had expired and the District Court had lost jurisdiction. 57 F. (2d) 44. This Court granted certiorari.

172

There is no question that District Judge Lowell affixed his initials to the bills of exceptions and intended in this manner to authenticate them as allowed. Apparently in connection with petitioner's application for a rehearing in the Circuit Court of Appeals, Judge Lowell addressed a communication to the judges of that court stating that the bills had been seasonably presented to him and that he had signed them with his initials intending that they should have full legal effect; he requested that the bills should be returned to him for correction.[1] There was also submitted to the Circuit Court of Appeals a certificate by the clerk of the District Court in which it was stated: " It has been the practice in this district for a long time for judges, the clerk and deputy clerks and the bar to treat as sufficiently allowed for appellate purposes bills of exceptions signed by the trial judge with either his full name or his initials." The petition for rehearing was denied.

Under the statute of Westminster 2, 13 Edw. I, c. 31, it was essential that exceptions should be authenticated by the seal of the trial justice. *Enfield* v. *Hills*, 2 Lev. 236; 2 Inst. 427, 428; 2 Bac. Abr., 326, 327; 2 Tidd's Pr., 789; *Nalle* v. *Oyster*, 230 U. S. 165, 176; *Krauss Bros. Co.* v.

---

[1] District Judge Lowell's communication contained the following:

" It has been called to my attention that I signed the bills of exceptions in the above two cases with my initials only instead of with my full signature. They were seasonably presented to me for allowance and I told counsel for the Appellant presenting them, after examination of them, that I allowed them, did nothing more with respect to them in counsel's presence and counsel departed. I later signed them intending so to sign them that they should have their full intended legal effect but not knowing any better I signed them only with my initials; that was my personal mistake to which neither the Appellant nor its counsel in any way contributed. I desire if I have the power and your permission now to correct my personal inadvertence by completing my signature so that my allowance of each bill may have my full signature and as of August 20, 1930. I therefore request, so far as I properly may, that the record be returned to the District Court for such correction by me as now within my power to make."

*Mellon,* 276 U. S. 386, 389, 390. In the practice of the federal courts, however, it was held that a seal was unnecessary, the signature of the trial judge being sufficient. *Generes* v. *Campbell,* 11 Wall. 193, 198; *Herbert.*v. *Butler,* 97 U. S. 319, 320. Compare *Mussina* v. *Cavazos,* 6 Wall. 355, 363; *Young* v. *Martin,* 8 Wall. 354, 357. The Act of June 1, 1872, c. 255, § 4 (17 Stat. 197, R. S., § 953) expressly dispensed with the necessity of a seal but retained the requirement of the signature of the judge of the court in which the cause was tried. *Herbert* v. *Butler, supra; Malony* v. *Adsit,* 175 U. S. 281, 286, 287; *Krauss Bros. Co.* v. *Mellon, supra.* As amended by the Act of June 5, 1900, c. 717 (31 Stat. 270, 28 U. S. C. 776), the statute provides for the signature of another judge of the court in certain contingencies.[2]

---

[2] Section 953 of the Revised Statutes, as amended by the Act of June 5, 1900, c. 717, 31 Stat. 270, 28 U. S. C. 776, provides: "A bill of exceptions allowed in any cause shall be deemed sufficiently authenticated if signed by the judge of the court in which the cause was tried, or by the presiding judge thereof if more than one judge sat at the trial of the cause, without any seal of the court or judge annexed thereto. And in case the judge before whom the cause has heretofore been or may hereafter be tried is, by reason of death, sickness, or other disability, unable to hear and pass upon the motion for a new trial and allow and sign said bill of exceptions, then the judge who succeds such trial judge, or any other judge of the court in which the cause was tried, holding such court thereafter, if the evidence in such cause has been or is taken in stenographic notes, or if the said judge is satisfied by any other means that he can pass upon such motion and allow a 'true bill of exceptions, shall pass upon said motion and allow and sign such bill of exceptions; and his ruling upon such motion and allowance and signing of such bill of exceptions shall be as valid as if such ruling and allowance and signing of such bill of exceptions had been made by the judge before whom such cause was tried; but in case said judge is satisfied that owing to the fact that he did not preside at the trial, or for any other cause, that he can not fairly pass upon said motion, and allow and sign said bill of exceptions, then he may in his discretion grant a new trial to the party moving therefor."

The statute does not prescribe the form of signature. The manifest purpose is authentication by the proper judge. In the absence of such authentication there is no bill of exceptions which the appellate court may consider. *Malony* v. *Adsit, supra; Metropolitan Railroad Co.* v. *District of Columbia,* 195 U. S. 322, 330; *McCuing* v. *Bovay,* 60 F. (2d) 375, 376; compare *Christy* v. *Pridgeon,* 4 Wall. 196, 201, 202. Appropriate disapproval of the practice of signing by initials such important documents as bills of exceptions, and insistence upon a method of signature more in keeping with the formal character of the proceeding, do not reach the question now presented. That question is not whether the signature is informal but whether there is a signature. If the attempted authentication by Judge Lowell be deemed to be merely informal or irregular, but not a nullity, the defect could be disregarded or cured by amendment. R. S. § 954, 28 U. S. C. 777. See, also, 28 U. S. C. 391. Thus, in *Idaho & Oregon Land Co.* v. *Bradbury,* 132 U. S. 509, the clerk of the court below in attempting to authenticate the record had appended the seal of the court but had failed to comply with the rule of this Court in affixing his signature. The Court said (p. 513): "The question presented is not one of no authentication, but of irregular or imperfect authentication; not of jurisdiction, but of practice. It is therefore within the discretion of this court to allow the defect to be supplied." And as it appeared to be then " too late to take a new appeal or writ of error," the Court permitted the record to be withdrawn " for the purpose of having the certificate of authentication perfected by adding the signature of the clerk." A defect or inaccuracy in mere matters of form can be corrected notwithstanding the end of the term. *United States* v. *Mayer,* 235 U. S. 55, 67.

The Circuit Court of Appeals felt constrained to reach its conclusion, that the attempted authentication was a nullity, by reason of the decisions of this Court in *Origet*

v. *United States,* 125 U. S. 240, 243, 244 and *Kinney* v.
*U. S. Fidelity Co.,* 222 U. S. 283, 284. Neither of these
decisions is strictly in point. In the *Origet* case, at the
foot of a paper entitled " Bill of Exceptions," appeared
the following: "Allowed and ordered on file November
22, '83. A. B." Referring to the Act of 1872 (R. S.,
§ 953) the Court said: " This provision merely dispensed
with the seal. The necessity for the signature still re-
mains. We can not regard the initials 'A. B.' as the sig-
nature of the judge, or as a sufficient authentication of
the bill of exceptions, or as sufficient evidence of its allow-
ance by the judge or the court. Therefore the questions
purporting to be raised by the paper cannot be consid-
ered." In the *Kinney* case, the record did not contain
any bill of exceptions. There was a paper styled
" Exceptions to the charge to jury," which was initialed
" J. B. McP. trial judge " and signed by the plaintiff.
The Court said that this paper was " not a bill of excep-
tions," citing the *Origet* case, but the Court added that
" if it were to be treated as a bill of exceptions " it could
not avail, as all the matters in question " depended upon
examination of the evidence which is not in the record "
and hence the Court had " no means of determining
whether reversible error arose from the action of the
court on any of the subjects to which the paper refers."
Thus, in the *Kinney* case the present question was not
necessarily involved, and in the *Origet* case the Court was
unable to regard the initials as the signature of the judge.
In the instant case, it appears that the trial judge did
affix his initials in order to authenticate the bills of excep-
tions and he added the initials " D. J." for the obvious
purpose of referring to his office and characterizing his
action as official. So far as the statements in the opinions
of the *Origet* and *Kinney* cases may be taken to imply
that such an authentication by the trial judge is void
and that bills of exceptions so allowed cannot be consid-

ered, or the informality be corrected, the statements are not approved.

The statute contains no indication that the word " sign " is used in other than the ordinary sense. The statute gives neither definition nor qualification. Signature by initials has been held to be sufficient under the Statute of Frauds [3] and the Statute of Wills and in other transactions.[4] It has been held in some States [5] that a different rule obtains in the case of the official signature of certain judicial officers, but the Congress has not established such a rule for the judges of the federal courts. Nor, in the absence of special statutory requirement, is there a uniform custom in relation to official signatures. It may be assumed that a requirement of the officer's signature, without more, means that he shall write his name or his distinctive appellation, but the question remains as to what writing of that character is to be deemed sufficient for the purpose of authenticating his official act. There is no rule that he shall adhere to the precise form of his name as it appears in his commission. The full name of

---

[3] *Salmon Falls Mfg. Co.* v. *Goddard,* 14 How. 446, 454; *Phillimore* v. *Barry,* 1 Camp. 513; *Chichester* v. *Cobb,* 14 L. T. (N. S.) 433, 443; *Sanborn* v. *Flagler,* 9 Allen 474, 478; *Smith* v. *Howell,* 11 N. J. Eq. 349, 357, 358; *Burns* v. *Burrows,* 196 Iowa 1048, 1056; 196 N. W. 62; Browne on the Statute of Frauds, 5th ed., § 362.

[4] *Re Savory,* 15 Jur. 1042; *Knox's Estate,* 131 Pa. St. 220, 229–232; 18 Atl. 1021; *Estate of Kimmel,* 278 Pa. 435, 440, 441; 123 Atl. 405; 31 A. L. R. 688; *Pilcher* v. *Pilcher,* 117 Va. 356; 84 S. E. 667; *Merchants Bank* v. *Spicer,* 6 Wend. 443, 448; *Brown* v. *Butchers & Drovers Bank,* 6 Hill. 443, 444; *Palmer* v. *Stephens,* 1 Denio 471, 479; *Weston* v. *Myers,* 33 Ill. 424, 432; Jarman on Wills, 6th ed., pp. 107, 108.

[5] See *Fairbanks* v. *Beard,* 247 Mass. 8; 141 N. E. 590; *Smith* v. *Geiger,* 202 N. Y. 306; 95 N. E. 706; *Conery* v. *Creditors,* 115 La. 807; 40 So. 173. Compare *Blades* v. *Lawrence,* L. R. 9 Q. B. 374. See, also, 29 A. L. R. Ann. 919, *et seq.* 72 A. L. R. Ann. 1290, *et seq.*

the officer may or may not be used. Not infrequently Christian names are omitted, in part or altogether, or are abbreviated or indicated by initials. In some of the most important communications on behalf of the Federal Government, only the surname of the officer is used. When an officer authenticates his official act by affixing his initials he does not entirely omit to use his name; he simply abbreviates it, he uses a combination of letters which are part of it. Undoubtedly that method is informal, but we think that it is clearly a method of " signing." It cannot be said in such a case that he has utterly failed to " sign," so that his authentication of his official act, in the absence of further statutory requirement, is to be regarded as absolutely void.

We do not approve the signing of bills of exceptions merely by the initials of the judge, but we regard the question as one of practice,—of regularity, not of validity. In the instant cases, the District Judge authenticated his allowance of the bills of exceptions by a form of signature easily and actually identified as his. No one was misled or injured. We perceive no reason why petitioner should lose its right to have the rulings upon the trial appropriately reviewed by the appellate court, merely because the District Judge failed to sign his full name. This is precisely the sort of defect which the Congress has provided shall not impair the substantial rights of the parties. 28 U. S. C. 391. At most, in the interest of a better practice, the bills of exceptions could have been returned for a more formal signature, but even that course was not necessary.

The judgments are reversed and the causes are remanded to the Circuit Court of Appeals for hearing upon the merits.

*Reversed.*