### JOHNSON v. TITANIUM PIGMENT CO.
#### No. 10303.

Circuit Court of Appeals, Eighth Circuit.
Feb. 12, 1936.

---

530

S. R. Redmond, of St. Louis, Mo. (Henry D. Espy, of St. Louis, Mo., on the brief), for appellant.

William H. Allen, of St. Louis, Mo. (Allen, Moser & Marsalek, of St. Louis, Mo., on the brief), for appellee.

Before STONE, SANBORN, and BOOTH, Circuit Judges.

SANBORN, Circuit Judge.

This is an action at law brought by the appellant, as plaintiff, against the appellee, as defendant, to recover damages for personal injuries alleged to have resulted from the defendant's negligence. The case was tried to a jury. At the close of the plaintiff's evidence, the defendant moved for a directed verdict. The motion was granted, judgment was entered upon the verdict, and, from the judgment, the plaintiff has appealed.

The only error properly assigned and the only assignment of error argued is that the court erred in directing a verdict for the defendant. This would invoke a review of the evidence by this court but for the fact that the bill of exceptions settled and allowed by the court below, and thus made a part of the record on appeal, fails to show that the plaintiff at the trial preserved any exception to the court's ruling upon the motion of the defendant for a directed verdict. In the absence of an exception, the error assigned is not subject to review. McFarland, County Treasurer, et al. v. Central National Bank of Topeka, Kansas (C.C.A.8) 26 F.(2d) 890, 892; Saunders System of Colorado Springs, Colo. v. Kelley (C.C.A.8) 30 F.(2d) 520; Ayers v. United States (C.C.A.8) 58 F.(2d) 607, 608, 609; McCuing v. Bovay (C.C.A.8) 60 F.(2d) 375.

We are assured by counsel for the plaintiff that an exception was taken to the directing of a verdict, and the plaintiff has now filed in this court a motion for leave to file what is referred to in the motion papers as "the original bill of exceptions authenticated by the trial judge," or, if that be denied, for leave to correct the "narrative bill of exceptions heretofore filed" by inserting therein an exception to the ruling of the court granting the motion for a directed verdict. What the plaintiff calls "the original bill of exceptions" appears to be a complete transcript of the reporter's notes of the testimony and proceedings upon the trial in the court below, signed by the trial judge long after the expiration of the term at which the case was tried and long after the trial judge had lost all jurisdiction to settle a bill of exceptions.

While mere formal defects or inaccuracies may be corrected notwithstanding the expiration of the term (United States v. Mayer, 235 U.S. 55, 67, 35 S.Ct. 16, 59 L.Ed. 129; Ohl & Co. v. Smith Iron Works, 288 U.S. 170, 174, 53 S.Ct. 340, 77 L.Ed. 681), it is the established rule that, where the term, at which the judgment appealed from was entered, has expired and there is no standing rule or special order extending the same for the purpose of settling the bill of exceptions, the trial court can neither allow a bill of exceptions nor alter or amend in matters of substance a bill of exceptions already allowed. Michigan Ins. Bank v. Eldred, 143 U.S. 293, 298, 12 S.Ct. 450, 36 L.Ed. 162; First Nat. Bank of Denver v. Wilder (C.C.A.8) 100 F. 223; Exporters of Mfrs'. Products v. Butterworth-Judson Co., 258 U.S. 365, 42 S.Ct. 331, 66 L.Ed. 663; Bennett v. Riverland Co. (C.C.A.8) 15 F.(2d) 491, 492; Denver Live Stock Commission Co. et al. v. Lee

et al. (C.C.A.8) 18 F.(2d) 11, 13; Farmers' Union Grain Co. v. Hallet & Carey Co. (C.C.A.8) 21 F.(2d) 42; Jones et al. v. Gill et al. (C.C.A.8) 67 F.(2d) 159, 160; Davis v. United States (C.C.A.10) 67 F.(2d) 737, 738; Pemberton v. United States (C.C.A.10) 76 F.(2d) 596; United States v. Wilson (C.C.A.10) 78 F.(2d) 465, 466; Marker, Federal Appellate Jurisdiction and Procedure, § 106.

This court is, of course, without power to settle a bill of exceptions either originally or by amendment. Bennett v. Riverland Co., supra (C.C.A.) 15 F.(2d) 491, 492; Jones et al. v. Gill et al., supra (C.C.A.) 67 F.(2d) 159, 160.

Since the trial court had lost jurisdiction to settle and allow what the plaintiff proposes to substitute for the bill of exceptions herein, and, since this court has no power to alter or amend the bill of exceptions, it is obvious that plaintiff's motion must be denied.

The judgment is affirmed.