ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Anis Avasta Construction Company | ) ASBCA No. 61107 |
| | ) |
| Under Contract No. H92237-11-C-0343 | ) |

APPEARANCE FOR THE APPELLANT:    Mr. Shujah Mowafaq
   CEO

APPEARANCES FOR THE GOVERNMENT:    Jeffrey P. Hildebrant, Esq.
   Air Force Deputy Chief Trial Attorney
Phillip E. Reiman, Esq.
Lt Col Nathaniel H. Sears, USAF
Trial Attorneys

OPINION BY ADMINISTRATIVE JUDGE SWEET ON THE GOVERNMENT'S
MOTION TO DISMISS FOR LACK OF JURISDICTION
AND FOR SUMMARY JUDGMENT

     The United States Air Force (government) moves to dismiss this appeal for lack of jurisdiction, and moves for summary judgment, on the grounds that appellant Anis Avasta Construction Company (Anis Avasta) failed to show that there was a contract. We deny both motions.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

     1. On 29 September 2011, Shujah Mowafaq—Anis Avasta's Chief Executive Officer (R4, tab 4 at 1)—sent an email to Logistics Specialist Chief (LSC) Jose B. Diaz—the contracting officer's representative (COR) for the Combined Joint Special Operations Task Force-Afghanistan (CJSOTF-A) (R4, tabs 4, 15, ¶ 2). Attached to the email was a Standard Form (SF) 1442 (Solicitation, Offer, and Award) for Contract No. H92237-11-C-0343 (SF 1442) (R4, tabs 1, 4 at 1). Under the SF 1442, Anis Avasta would construct a water supply and storage facility in exchange for $53,000 (R4, tab 1 at 3). The SF 1442 included sections K (Representations, Certifications and Other Statements of Offerors), L (Instructions, Conditions, and Notices to Offerors), and M (Evaluation Factors for Award) (*id.* at 22-30). The SF 1442 stated that "[t]he following Sections K, L & M will be removed from any resulting award" (*id.* at 22). The SF 1442 was signed by Mr. Mowafaq on behalf of Anis Avasta. Captain (now Major) David W. Knox's name was typewritten under the box "Name of Contracting Officer." There is no evidence who typed Maj Knox's name onto the SF 1442. Maj Knox's signature does not appear in the "Signature" box. (*Id.* at 2)

2. Mr. Mowafaq alleges that "[d]ue to [the] rush of the projects Mr. Chief Diaz forgot to send the signed copy of the mentioned contract" (R4, tab 8). Both Maj Knox and LSC Diaz declare that they have no records regarding SF 1442 (R4, tab 15, ¶ 4, tab 16, ¶ 6). They also declare that they have no independent recollection that the government awarded Contract No. H92237-11-C-0343 to Anis Avasta (R4, tab 15, ¶ 5, tab 16, ¶ 6).

3. On 2 October 2011, Mr. Mowafaq emailed LSC Diaz. Mr. Mowafaq stated, "[s]till I did not received [sic] the signed page from you. Please let me know back." (R4, tab 4 at 2).

4. LSC Diaz responded by sending Mr. Mowafaq via email a 2 October 2011 notice to proceed (NTP) (R4, tab 4 at 2). The NTP was on CJSOTF-A letterhead. The NTP stated that "[y]ou are hereby notified to proceed with the performance required by the terms of the subject contract on 07 Oct 2011." The NTP contained Maj Knox's typewritten name, but not his signature. (R4, tab 6 at 1)

5. Anis Avasta claims that it performed the work, but was not paid (R4, tab 8 at 1). Both Maj Knox and LSC Diaz declare that they have no independent recollection that Anis Avasta ever completed the work, or that the government ever accepted the work (R4, tab 15, ¶ 5, tab 16, ¶ 6).

6. Anis Avasta was not an approved vendor in the Joint Contingency Contracting System (JCCS)[1]—and did not have any record of activity—until 20 November 2016 (supp. R4, tab 17, ¶ 8).

7. On 6 February 2017, Anis Avasta submitted a claim to the contracting officer (CO) for $53,000 (R4, tab 8).

8. The CO issued a final decision denying Anis Avasta's claim (R4, tab 10). Anis Avasta timely appealed to this Board.

---

[1] The government uses the JCCS to vet foreign companies (supp. R4, tab 18 at 13).

DECISION

*I. Summary Judgment Standard*[2]

We will grant summary judgment only if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). All significant doubt over factual issues must be resolved in favor of the party opposing summary judgment. *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1390-91 (Fed. Cir. 1987). In deciding summary judgment motions, we do not resolve controversies, weigh evidence, or make credibility determinations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Moreover, we draw all reasonable inferences in favor of the non-movant. *Id.* A genuine issue of material fact arises when the non-movant presents sufficient evidence upon which a reasonable fact-finder, drawing the requisite inferences and applying the applicable evidentiary standard, could decide the issue in favor of the non-movant. *C. Sanchez & Son, Inc. v. United States*, 6 F.3d 1539, 1541 (Fed. Cir. 1993).

*II. There Is a Genuine Dispute as to Whether There Was a Contract*

The requisite elements of a government contract are a mutual intent to be bound (including an unambiguous offer and acceptance) consideration, and authority on the part of the government representative to bind the government. *First Commerce Corp. v. United States*, 335 F.3d 1373, 1380 (Fed. Cir. 2003). While common business prudence suggests the benefits of reducing an agreement to a signed writing in order to avoid later disputes as to whether an agreement was reached, such agreements do not need to be reduced to a signed writing in order to be binding on the parties. *Electrospace Corp.*, ASBCA No. 14520, 72-1 BCA ¶ 9455 at 43,926. As the United States Supreme Court has stated, "It makes no difference that the contract was not formally signed.... Their formal execution...was not essential to the consummation of the contract." *United States v. Purcell Envelope Co.*, 249 U.S. 313, 319 (1919); *see also Escote Mfg. Co. v. United States*, 169 F.

---

[2] While the government moves to dismiss for lack of jurisdiction and for summary judgment (gov't mot. at 1), it is more appropriate to analyze the motion as a motion for summary judgment. In terms of a motion to dismiss, an appellant "need only make a non-frivolous allegation" of a contract to establish the Board's jurisdiction. *Leviathan Corporation*, ASBCA No. 58659, 16-1 BCA ¶ 36,372 at 177,294; *Engage Learning, Inc. v. Salazar*, 660 F.3d 1346, 1353 (Fed. Cir. 2011). "This burden does not require appellant to prove that a contract actually exists, as that question goes to the merits of appellant's claim rather than the Board's jurisdiction." *Black Tiger Company*, ASBCA No. 59189, 16-1 BCA ¶ 36,423 at 177,570. Here, Anis Avasta met that low burden, alleging that it "has officially received contract award, contract NTP and direction from contracting officer and contracting officer representative to start the work" (compl. ¶ 6).

3

Supp. 483, 487-88 (Ct. Cl. 1959) (holding that there was a valid contract, even though the CO did not sign the acceptance, where his typewritten name appeared on the acceptance). Thus, as the Postal Service Board of Contract Appeals has summarized:

> Courts, as well as the General Accounting Office, have long indicated a willingness to accept other than a handwritten signature on executory documents such as bid proposals. *See Ohl & Co. v. Smith Iron Works*, 288 U.S. 170, 176 (1932) (initials); *Benedict v. Lebowitz*, 346 F.2d 120 (2nd Cir. 1965) (typed name); *Tabas v. Emergency Fleet Corporation*, 9 F.2d 648, 649 (E.D. Penn., 1926) (typed, printed or stamped signatures).... What is necessary is evidence of an intent to be bound.

*Regional Trucking, Inc.*, PSBCA No. 3918, 97-1 BCA ¶ 28,733 at 143,404.

Here, the government argues that the facts that the SF 1442 included sections K, L, and M, but not a CO signature, suggests that the SF 1442 was a solicitation document (gov't mot. at 5). As an initial matter, while there is no CO signature on the SF 1442, his name is typed on the SF 1442. There is no evidence as to who typed the CO's name onto the SF 1442. (SOF ¶ 1) If an authorized government representative—namely the CO—typed the CO's name onto the SF 1442, a reasonable fact-finder could infer an intent to be bound because a signature is not necessary to show an intent to be bound. *Electrospace*, 72-1 BCA ¶ 9455 at 43,926; *Purcell Envelope*, 249 U.S. at 319; *Escote*, 169 F. Supp. at 487-88; *Regional Trucking*, 97-1 BCA ¶ 28,733 at 143,404.

More significantly, even if the government were correct that the SF 1442 was a solicitation document, there still would be a genuine issue of material fact as to whether the government subsequently accepted that offer. A reasonable fact-finder could infer that the government intended to be bound by the SF 1442 from the fact that the COR responded to an inquiry from Anis Avasta about the lack of a signature on the SF 1442 by sending Anis Avasta an NTP (SOF ¶¶ 3-4). The fact that the CO did not sign the NTP is relevant to the issues of acceptance and authority (SOF ¶ 4). However, the lack of a CO signature does not preclude a reasonable fact-finder from inferring an intent to be bound. *Electrospace*, 72-1 BCA ¶ 9455 at 43,926; *Purcell Envelope*, 249 U.S. at 319; *Escote*, 169 F. Supp. at 487-88; *Regional Trucking*, 97-1 BCA ¶ 28,733 at 143,404. On the contrary, it is reasonable to infer from the facts that the NTP was on CJSOTF-A letterhead, and contained the CO's typewritten name, that the government intended to be bound (SOF ¶ 4).

The government also argues that the fact that Anis Avasta was not in the JCCS at the time of the purported award suggests that the government did not intend to be bound (gov't mot. at 5-6). For purposes of deciding the government's motion for summary judgment, we must draw all reasonable inferences in favor of Anis Avasta. *Liberty Lobby*,

4

477 U.S. at 255. While Anis Avasta's absence from the JCCS may support a reasonable inference that the government did not intend to be bound, that fact does not establish that the opposite inference—i.e., that the government intended to be bound—is unreasonable. Therefore, the fact that Anis Avasta was not in the JCCS does not compel summary judgment.

## CONCLUSION

The government's motions are denied.

Dated: 21 August 2017

JAMES R. SWEET
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 61107, Appeal of Anis Avasta Construction Company, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals